UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| THE STATE OF NEW HAMPSHIRE DEPARTMENT OF ENVIRONMENTAL SERVICES,<br><br>      Plaintiff,<br><br>      v.<br><br>GEORGIA-PACIFIC CONSUMER PRODUCTS LP AND FORT JAMES LLC,<br><br>      Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, the State of New Hampshire Department of Environmental Services ("Department"), by and through its attorney, the New Hampshire Office of the Attorney General (collectively, the "State"), files this complaint against Defendants, Georgia-Pacific Consumer Products LP ("Georgia Pacific") and Fort James LLC ("Fort James") (together, the "Defendants") related to the costs incurred by the State in responding to the hazardous waste contamination at the Chlor-Alkali Facility (Former) Superfund Site ("Site") in Berlin, New Hampshire.  In support hereof, the State avers as follows:

### NATURE OF ACTION

1.      For decades, beginning in the late 1800s, the Site was host to a chemical plant operated by the Brown Company.  The chemical facility produced chlorine and sodium hydroxide for pulp and paper manufacturing.  The facility also produced other chemicals. Chemical production eventually ceased and the Site was dismantled leaving demolition debris

1

consolidated among the buildings that remained.  As a result of the facility's operations, the Site is now contaminated with hazardous substances in soils, groundwater, and in sediments of the Androscoggin River.  The State undertook response actions at the Site and the United States Environmental Protection Agency subsequently added the Site to the National Priorities List in 2005.

2. Defendants owned and operated the Site for a period of time during which hazardous waste, hazardous substances, and/or hazardous materials were disposed and/or acquired the assets and liabilities of entities that owned and operated the Site, through a series of commercial transactions.

3. The State brings this civil action against Defendants under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and under New Hampshire Revised Statutes Annotated ch. 147-A and 147-B, to recover its costs incurred in responding to the releases and threatened releases of hazardous substances into the environment at or from the Site.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action and over the parties to this action.  42 U.S.C. §9607 & 9613(b) and 28 U.S.C. §§ 1331.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and Sections 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANTS

6. Defendant Georgia-Pacific Consumer Products LP is incorporated under Delaware law.  This entity is hereinafter referred to as "Georgia-Pacific."

7. Defendant Georgia-Pacific is currently headquartered in Atlanta, Georgia.

8. Defendant Fort James LLC is incorporated under Virginia law. This entity is hereinafter referred to as "Fort James."

9. Defendant Fort James is currently headquartered in Atlanta, Georgia.

10. Georgia-Pacific and Fort James are "person[s]" as defined by CERCLA and New Hampshire Revised Statutes Annotated ch. 147-A and 147-B.

## STATUTORY BACKGROUND

11. CERCLA was enacted in 1980 to provide "for liability, compensation, cleanup, and emergency response for hazardous substances released into the environment and the cleanup of inactive hazardous waste disposal sites." Pub. L. No. 96-510, 94 Stat. 2767 (1980).

12. CERCLA provides federal and state governments the authority to recover costs incurred in responding to and/or cleaning up a hazardous waste site. 42 U.S.C. § 9607.

13. Specifically, Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), provides, in pertinent part:

> Notwithstanding any other provision of rule of law, and subject only to the defenses set forth in subsection (b) of this Section…(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, … shall be liable for (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan…

14. Under CERCLA, an "owner or operator" of an onshore facility is "any person owning or operating such facility." 42 U.S.C. § 9601(20)(A)(ii).

15. New Hampshire Revised Statutes Annotated ch. 147-A, "Hazardous Waste Management" and ch. 147-B, "Hazardous Waste Cleanup Fund," were both enacted in 1981.

16. RSA 147-A:9 provides for strict liability of:

> any owner, operator, generator, or transporter who causes or suffers the treatment, storage, transportation or disposal of hazardous waste in violation of RSA 147-A or rules adopted or permits issued under RSA 147-A…[and] shall be strictly liable for costs directly or indirectly resulting from the violation relating to: (a) Containment of hazardous wastes; (b) Necessary cleanup and restoration of the site and the surrounding environment; and (c) Removal of the hazardous wastes.

17. RSA 147-B:10, I provides, in pertinent part, that:

> [s]ubject only to the defenses set forth in RSA 147-B:10-a and the exclusions and limitations set forth in RSA 147-B:10, IV and V, any person who: (a) Owns or operates a facility; (b) Owned or operated a facility at the time hazardous waste or hazardous materials were disposed there…shall be strictly liable for all costs incurred by the state in responding to a release or threatened release of hazardous waste or hazardous material at or from the facility as specified in paragraph II.

18. RSA 147-B:10, II continues that:

> [c]osts recoverable by the state under paragraph I shall include all costs relating to: (a) Containment of the hazardous wastes or hazardous materials. (b) Necessary cleanup and restoration of the site and the surrounding environment. (c) Removal of the hazardous wastes or hazardous materials. (d) Such actions as may be necessary to monitor, assess and evaluate the release or threat of release of a hazardous waste or hazardous material; or to mitigate damage to the public health or welfare that may otherwise result from a release or threat of release.

19. Both RSA 147-A and RSA 147-B define "person," in relevant part, as "any individual, trust, firm, joint stock company, corporation (including a government corporation), partnership, [or] association…." RSA 147-A:2, XII; RSA 147-B:2, IX.

## FACTUAL ALLEGATIONS

20. The Site is located in the City of Berlin, Coos County, New Hampshire and is situated on the eastern bank of the Androscoggin River. More particularly, the Site consists of multiple operable units and is, in part, found on Berlin Tax Assessor Map No. 128 Lot No. 262 and Map No. 129 Lot No. 55. The Site includes the Cell House Property, which is a landfill

4

containing debris and facility remnants, as well as the former chemical plant areas and areas of the Androscoggin River with Site-related contaminants.

21. Beginning in the late 1800s, the Site hosted chemical plant operations, including a chlor-alkali plant to provide chlorine for the bleaching of pulp and paper.

22. Plant operations resulted in hazardous waste and/or hazardous materials contamination at the Site, including: polychlorinated biphenyls, polychlorinated dibenzodioxins, polychlorinated dibenzofurans, polyaromatic hydrocarbons, asbestos, and metals, including mercury and lead, among others.

23. Throughout the chemical plant operation time period, hazardous wastes were disposed of on site or in the Androscoggin River. Hazardous waste and contaminated building debris remained uncontrolled on site until the Cell House Property Landfill was constructed and capped in 1999.

24. Beginning in 1998 through 2005, the State of New Hampshire Department of Environmental Services responded to the Site and undertook activities including, but not limited to, site discovery and associated investigations and monitoring, oversight of a slurry wall and landfill design, construction, and maintenance, in addition to the recovery of elemental mercury and mercury-containing debris from the Androscoggin River.

25. In April 2005, the United States Environmental Protection Agency ("EPA"), conducted a hazard ranking system evaluation and added the Site to the National Priorities List.

26. Defendants were owners and operators of the Site at the time of disposal of hazardous substances, hazardous wastes, and/or hazardous materials and/or acquired the assets and liabilities of owners and operators whom disposed of hazardous substances, hazardous wastes, and/or hazardous materials at the Site.

27.     Georgia-Pacific Consumer Products LP and Fort James LLC are "person[s]" as defined by CERCLA and N.H. RSA §§147-A and 147-B.  42 U.S.C. §9601(21); N.H. RSA §147-A:2, XII; and N.H. RSA 147-B:2, IX.

28.     The Chlor-Alkali Facility (Former) Superfund Site is a "facility" as defined by CERCLA and N.H. RSA §§147-A and 147-B.  42 U.S.C. § 9601(9); N.H. RSA §147-A:2, IV; and N.H. RSA 147-B:2, III.

29.     To date, the State has incurred response costs totaling $561,921.69, which have not been recovered.

30.     The State incurred costs through contractors and the use of its own personnel.

31.     The State's incurred costs are not inconsistent with the National Contingency Plan promulgated under CERCLA Section 105, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## CLAIM FOR RELIEF
*Cost Recovery Pursuant to CERCLA Section 107, N.H. RSA §§147-A and 147-B*

32.     The State re-alleges paragraphs 1 through 31 above as if fully set forth herein.

33.     Defendants are persons, or a successor-in-interest to a person(s), who at the time of disposal of a hazardous substance, hazardous waste, and/or hazardous material owned and operated the Site, which is a facility from which there was a release or threatened release of a hazardous substance, hazardous waste, and/or hazardous material.

34.     In response to the release or threatened release at the Site, the State has incurred costs that are not inconsistent with the National Contingency Plan promulgated under CERCLA Section 105, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

35.     Under Section 107(a)(2), N.H. RSA §147-A:9, and N.H. RSA §147-B:10, I-II, Defendants are strictly and jointly and severally liable to the State for all costs incurred by the State in connection with the Site.

6

## RELIEF REQUESTED

WHEREFORE, Plaintiff, the State of New Hampshire Department of Environmental Services, by and through its counsel, the New Hampshire Office of the Attorney General, respectfully requests that this Honorable Court grant the following relief:

A.     Enter judgment in favor of Plaintiff holding Defendants strictly and jointly and severally liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), N.H. RSA 147-A:9, and N.H. RSA 147-B:10, for unreimbursed response costs incurred by the State relating to the Site; and

B.     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

STATE OF NEW HAMPSHIRE
DEPARTMENT OF ENVIRONMENTAL
SERVICES

By and through its attorney,

THE OFFICE OF THE ATTORNEY
GENERAL

DATE:  June 22, 2022                    /s/ Joshua Harrison
Joshua C. Harrison, Bar #269564
Assistant Attorney General
Environmental Protection Bureau
Office of the Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
Joshua.C.Harrison@doj.nh.gov
(603) 271-3679