UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **THE STATE OF NEW HAMPSHIRE DEPARTMENT OF ENVIRONMENTAL SERVICES,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Civil No. 1:22-cv-00223-SE<br>) |
| **GEORGIA-PACIFIC CONSUMER PRODUCTS LP AND FORT JAMES, LLC,** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

### STATE OF NEW HAMPSHIRE DEPARTMENT OF ENVIRONMENTAL SERVICES'S ASSENTED-TO MOTION TO ENTER CONSENT DECREE AS A FINAL JUDGMENT OF THE COURT WITH INCORPORATED MEMORANDUM OF LAW

On June 22, 2022, the State of New Hampshire Department of Environmental Services ("Department"), by and through its counsel, the New Hampshire Office of the Attorney General (collectively, the "State"), filed a Complaint against Defendants, Georgia-Pacific Consumer Products LP ("Georgia-Pacific") and Fort James LLC ("Fort James") alleging Defendants were strictly and jointly and severally liable to the State pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and State law for its unreimbursed past response costs related to the Chlor-Alkali Facility (Former) Superfund Site ("Site") in Berlin, New Hampshire. Complaint (ECF 1). Moments after filing the Complaint, the State filed a Notice of Lodging of Proposed Consent Decree, which contained a fully executed Consent Decree

1

agreed upon between the parties and proposed for this Court's entry as an Order of the Court. ECF 2-1. The Notice of Lodging of Proposed Consent Decree requested that the Court hold any action on the Proposed Consent Decree ("Consent Decree") until a public comment period within the State expired and the State subsequently moved for entry of the consent decree. *Id*.

The State now respectfully moves, with the assent of Defendants, that this Court enter the Consent Decree lodged with the Court on June 22, 2022, as an Order of the Court. The Consent Decree is fair, reasonable, and consistent with CERCLA, and should be approved as an Order of the Court.

## BACKGROUND

As set forth in the Complaint, the State alleges that Defendants are strictly and jointly and severally liable pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and State law for the State's past response costs incurred in relation to the Chlor-Alkali Facility (Former) Superfund Site in Berlin, New Hampshire. The State alleged that the facility produced chlorine and sodium hydroxide for a number of years for the purposes of pulp and paper manufacturing and that hazardous wastes were discharged on the site. Complaint, ¶ 1 (ECF 1). The State next alleged that the Defendants owned and operated the Site for a period of time during which hazardous wastes, substances, and/or materials were disposed of and/or acquired the assets and liabilities of entities that owned and operated the site, through a series of commercial transactions. *Id*. at ¶ 2. The more specific factual allegations regarding the site may be found in paragraphs 20-26 of the Complaint.

Finally, the State alleged that it had incurred unreimbursed past response costs amounting to $561,921.69 as a result of responding to the contamination at the site. Complaint, ¶ 24, 29-31 (ECF 1).  The State alleged that its incurred response costs are not inconsistent with the National Contingency Plan.  *Id*. at ¶ 31.

Following the lodging of the Consent Decree, the State solicited the public's input on the Consent Decree for a period of just over thirty days.  The State published notice of the Consent Decree in two newspapers of general circulation and on the Department website's public information page on June 27 and June 28, 2022.  Exhibit 1, Affidavit of Andrew J. Hoffman; Exhibit 2, Confirmation of Publication and Notice of Consent Decree and Solicitation of Public Comment.  The notices requested the public's input on the Consent Decree and provided instructions for viewing the Consent Decree and providing any comment.  *Id*.  The public comment period expired on August 1, 2022.  *Id*. The State did not receive any public comments regarding the Consent Decree during the public comment period.  Exhibit 1, Affidavit of Andrew J. Hoffman.

The Consent Decree, lodged with this Court on June 22, 2022, is limited, as is the underlying Complaint, to past response costs incurred by the State.  This particular Consent Decree does not involve remedial action regarding the Site, it just involves settlement and reimbursement of past response costs incurred by the State in responding to the Site, which amount to $561,921.69.

## ARGUMENT

Consent Decrees in CERCLA litigation and within state environmental enforcement actions are a common means of resolving liability and creating binding obligations.  United States District Courts will review proposed consent decrees to

determine whether they are "fair, reasonable, and faithful to the objectives of the governing statute, giving deference to the "agency's expertise and to the parties' agreement." *Emhart Indus., Inc. v. United States Dept. of the Air Force*, 988 F.3d 511, 522-523 (1st Cir. 2021) (quoting *U.S. v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1084 (1st Cir. 1994) and *U.S. v. Cannons Eng. Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)).[1]

## I.     The Consent Decree is Fair, Procedurally and Substantively

With respect to procedural fairness, courts should "look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance." *City of Bangor v. Citizens Comm. Co.*, 532 F.3d 70, 86 (1st Cir. 2008) (quoting *Cannons*, 899 F.2d at 86). Additionally, courts may find support for procedural fairness in consent decrees where the "decrees were negotiated at arm's length among experienced counsel…" *Cannons*, 899. F.2d at 87.  Here, the parties exchanged documents and conversation for over a year. The State has great experience entering into consent decrees with alleged responsible parties and Georgia-Pacific Consumer Products LP and Fort James LLC are represented by qualified and experienced counsel.

With respect to substantive fairness, the First Circuit has reasoned that "the oft-cited language from cases where the United States is a party is that the substantive fairness inquiry involves 'corrective justice and accountability, concentrating on the proposed allocation of responsibility as between settling and non-settling PRPs.'" *City of*

---

[1] The Consent Decrees involved and cited in this motion are First Circuit cases filed by the U.S. Environmental Protection Agency under CERCLA rather than by a state environmental agency, such as the New Hampshire Department of Environmental Services.  However, the same principles of review should apply when a state resolves CERCLA liability pursuant to a judicially approved consent decree. *Cf.* 42 U.S.C. § 9613(f)(2) (authorizing settlement of CERCLA liability with the "United States or a State in an administrative or judicially approved settlement.").

*Bangor*, 532 F.3d at 97-98 (quoting *United States v. Davis*, 261 F.3d 1, 24 (1st Cir. 2001)). "'The proper way to gauge the adequacy of settlement amounts to be paid by settling PRPs is to compare the proportion of total projected costs to be paid by the settlors with the proportion of liability attributable to them.'" *Davis*, 261 F.3d at 24 (internal citations omitted). Additionally, the First Circuit has "tended to treat private parties in CERCLA settlement cases as entities who can protect themselves, assuming the procedures are fair." *City of Bangor*, 532 F.3d at 98. This Consent Decree is substantively fair. Like the Complaint, the Consent Decree is limited to past response costs incurred by the State, which the Defendants are fully reimbursing the State for. The State's Complaint seeks $561,921.69, which is the amount the Defendants have agreed to pay, jointly and severally. Additionally, no other party has intervened in this case nor would any intervening potentially responsible party be prejudiced by this Consent Decree's settlement of the State's past costs with respect to this Site because the full amount of incurred costs is being reimbursed. In other words, no other party can claim that this settlement exposes them to a disproportionate remaining share of unreimbursed past response costs because the full past response costs sought are being recouped. If this Consent Decree is approved, there would no longer be any State past costs figure outstanding.[2] As such, the typical review required by the Court to assess all future costs

---

[2] Compare to *City of Bangor v. Citizens Comm. Co.*, 532 F.3d 70, 97 (1st Cir. 2008), wherein the appellant "argued the court was obligated to do more. Specifically, [the appellants] argue[d] the fairness component is meant to provide them rigorous protection in the end from paying more than their fair share [in that] [f]rom the point of view of the third and fourth parties, Citizens should not, with the total amount being unknown, be able to cap its liability at $7.625 million."

and cleanup costs and the attributable portion to each PRP is inapplicable to this Consent Decree, which just resolves the State's past costs.[3]

## II.     The Consent Decree is Reasonable

"A district court's reasonableness inquiry, like that of fairness, is a pragmatic one, not requiring precise calculations…The question is whether the decree provides for an efficient clean-up and adequately compensates the public for its costs, in light of the foreseeable risks of loss." *U.S. v. Charter Intern. Oil Co.*, 83 F.3d 510, 521 (1st Cir. 1996) (internal citations omitted). This Consent Decree is reasonable because it fully reimburses the State for its past response costs paid by the Defendants, jointly and severally. The factors of efficient clean-up and the loss mitigation factors are not present concerns given the limited nature of this Consent Decree. With respect to the public's input, as mentioned above, the State did not receive any public comments or comments from any other potentially responsible party providing any comment, negative, critical, supportive, or otherwise, to suggest that the Consent Decree is not reasonable. As such, this Consent Decree is reasonable.

## III.    The Consent Decree is Consistent with the Purposes of CERCLA

Lastly, the Consent Decree is consistent with the purposes of CERCLA. CERCLA's purposes "include expeditious remediation at waste sites, adequate compensation to the public fisc and the imposition of accountability." *Davis*, 261 F.3d at 26. Inevitably, "consideration of the extent to which consent decrees are consistent with Congress' discerned intent involves matters implicating fairness and reasonableness."

---

[3] The Consent Decree reserves the State's right to file claims and seek any future incurred response costs and declaratory judgments as to liability to the State, among other reservations. *See* ECF 2-1, ¶ 10.

*Cannons Engineering Corp.*, 899 F.2d at 90.  Accordingly, and especially because this Consent Decree does not involve cleanup, as mentioned, the rationale discussed herein related to fairness and reasonableness applies here as well.  The fulfillment of the policy goals of CERCLA are met by this Consent Decree.  The Consent Decree satisfies a large element of the CERCLA statutory scheme: recovery of incurred costs and is the result of purposeful and structured negotiation related to the Site.

## CONCLUSION

For the reasons stated above, the State of New Hampshire respectfully requests that this Honorable Court enter the proposed Consent Decree lodged with this Court on June 22, 2022 (ECF 2-1) as a final judgment and Order of this Court.  Defendants, Georgia-Pacific Consumer Products LP and Fort James LLC assent to the request to have the Court enter the Consent Decree as an Order of the Court.

Respectfully submitted,

STATE OF NEW HAMPSHIRE
DEPARTMENT OF ENVIRONMENTAL
SERVICES

By and through its attorney,

THE OFFICE OF THE ATTORNEY
GENERAL

DATE: August 12, 2022         /s/ Joshua Harrison
                              Joshua C. Harrison, Bar #269564
                              Assistant Attorney General
                              Environmental Protection Bureau
                              Office of the Attorney General
                              New Hampshire Department of Justice
                              33 Capitol Street
                              Concord, New Hampshire 03301-6397
                              Joshua.C.Harrison@doj.nh.gov
                              (603) 271-3679

## Certificate of Service

      I hereby certify that a copy of the foregoing was served upon all counsel of record through the Court's electronic filing system.

DATE: August 12, 2022          /s/ Joshua Harrison
                                                  Joshua C. Harrison, Bar #269564